UNITED STATES of America,
Plaintiff—Appellee,

v.

Manuel De Jesus FLORES–VALEN-
ZUELA, aka, Manuel Jesus, et
al., Defendant—Appellant.

No. 01–10517.

D.C. No. CR–01–00662–RCC.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 6, 2002.*

Decided Jan. 23, 2003.

736

Before BERZON, TALLMAN and CLIFTON, Circuit Judges.

### MEMORANDUM **

Manuel de Jesus Flores–Valenzuela pled guilty to illegal reentry in violation of 8 U.S.C. § 1326. He now appeals his sentence of 30 months imprisonment. The Government argues that Mr. Flores cannot properly bring this appeal since he knowingly waived his right to appeal as part of his plea bargain. We agree and dismiss the appeal.

The plea agreement signed by Mr. Flores provided that he would waive his right to appeal both his conviction and his sentence, as long as the resulting sentence was consistent with the range contemplated in the plea agreement. Because it was, the waiver was valid. *See United States v. Bolinger,* 940 F.2d 478, 480 (9th Cir.1991).

The plea agreement left open the possibility of an additional downward departure under U.S.S.G. § 2L1.2, Application Note 5 (now amended), but such a departure is discretionary. The district court's decision not to grant a downward departure here, based on its stated concern with Mr. Flores's criminal history, did not void the plea agreement and did not negate Mr. Flores's waiver.

The plea agreement explicitly stated, "If the court departs from the terms and conditions set forth in this plea agreement, either party may withdraw." (Plea Agreement ¶ 6). The plea agreement included an acknowledgment by Mr. Flores that he had been convicted of a felony in 1992. That 1992 conviction was expected to be the basis for an 8 U.S.C. § 1326(b)(2) sentencing enhancement. Agreement to the enhancement was itself a fundamental part of the plea agreement. By the time of sentencing, concern had arisen as to whether Mr. Flores had been a juvenile at the time of the 1992 conviction. The presentence report identified another conviction, in 1996, and explicitly cited that 1996 conviction as the justification for recommending the 8 U.S.C. § 1326(b)(2) sentencing enhancement, rather than the 1992 conviction referred to in the plea agreement. Although Mr. Flores argued that the 1996 conviction should not be recognized as an aggravated felony, he did not seek to withdraw his plea or to withdraw from the plea agreement. Instead, he elected to retain the benefit of the bargain which had been negotiated, including a shorter term of imprisonment than might have been imposed under the Sentencing Guidelines. The agreement was effective, and Mr. Flores's right to appeal the sentence was waived.

The appeal is DISMISSED.

** This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).